LQpikioSi'^op the Court, by
Ch. J. Boyce.
Lewis, under the provisions of an act’of‘assembly, became entitled "to the privilege of keeping a toll-gate, for twenty:years, on a public road, he binding himself to keep the road in repair; and not long afterwards,1 having died, A. Kibley and Elizabeth’'Lewis, who has sence intermarried with James Ward, administered upon his estate, and sold the residue of the term in the privilege of keeping the toll-gate, to Jouitt, at theapnce of $400 per annum, and Jouitt, with Moseby and" Stewart as his sureties, executed several notes for each annual payment, and became bound to keep the road in J^iftepair; but the administrators’of Lewis agreed to low Jouitt a credit upon the note which became first due, for the amount of certain repairs then necessary to be made upon the road. Shortly after this, Moseby purchased out Jouitt, and agreed to take his pla&e in -fb| .contract with Lewis’ administrators, and paid a . part of the first noté; but the residue not the administrators of Lewis brought suit thereon, and Mdseby confessed judgment. To enjoin this judgment, Moseby filed his bill in chancery, claiming a credit for the repairs which he alleges he had done on the road in pursuance of the contract between Lewis’ administrators and Jouitt, and he makes Lewis’ administrators and Jouitt, defendants.
Ward and wife answered the bill against Kibley. He having removed from the stale, there was an order ted^Vertise, jyh'ich was never published, and thlj&vas no protess^erygd upon Jouitt. In this situation' the ca|&e-was taken tup and heard, and the bill dismissed uSs costs and damages, as to Waid and wife, and con-tiátredías to Kibley and Jouitt, a’nd Moseby has brought the case to this court.
It is perfectly clear, that the cause was not in a .sjtp-ationito be heard and disposed of as to Ward and ’wife... Jouitt was a necessary party, and Kibley was still more"*’ so, being one .of the administrators in whose name the '■ judgmentjgt law had been obtained -,'' and no process/W *160 ing served upon Jouitt, and the order to advertise agaiQSt Kibley not being published, the caiise was evi- ' dently not in a state to be heárd as to them; and it is a settled rule, that a suit in chanfcery never, can be heard and disposed of as to some of the parties, unless it be in a situation to be heard and disposed of ^s to all those who are necessary parties. Where there is negligence on the part of the complainant, in preparing the cause for hearing as to some of the parties, the court may, with propriety, dismiss the bill for such negligence; but 'in such case the dismission should be without prejudice, and not absolute. If, indeed, as was contended in the argument, Moseby had precluded himself from asserting the credit which he claims in his bill, by confessing the judgment at law, he would have shown no title to relief; and however irregular the proceedings in the court below might have been, he could have had no just cause to have revised those proceedings. But we cannot admit that he is precluded from relief in equity, by the confession of the judgment at law. The confession could only conclude him as to his legal rights, and could not bar any equitable defence which he might have; and the credit which he claims in his bill, though it is' a good equitable defence, would have been, .in strictness of law, no legal bar to' the suit upon the note. The covenant to allow, as a credit upon the note, the amount of the repairs on the road, was neither a payment, a release, nor an extinguishment of the note, and there is no other mode in which it could operate as a bar to the action at law.
The décree must be reversed with costs, and the cause be remanded, for proceedings to be had, not inconsistent with this opinion.